**Mark E. JOHNSON, Plaintiff,**

v.

**Charles SIMMONS, et al., Defendants.**

**No. CIV.A.02–3020–CM.**

United States District Court,
D. Kansas.

Aug. 19, 2004.

---

Mark E. Johnson, El Dorado, KS, pro se.

Rebecca Ann Weeks, Kansas Attorney General, Topeka, KS, for Defendants.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff filed this action seeking damages pursuant to 42 U.S.C. § 1983. Specifically, plaintiff claims that defendants, acting in their official capacities, have violated his First Amendment rights by refusing to provide him with Halal (ritually slaughtered) meat. Plaintiff has also alleged that defendants, acting in their official capacities, have violated his Fourteenth Amendment right to equal protection of the law because defendants provide Kosher meals to Jewish inmates but refuse to provide Halal meat to Islamic inmates. Plaintiff requests $3 million in damages and the right to have Halal meat as part of his diet. This matter comes before the court on defendants Charles Simmon's and Michael Nelson's Motion for Summary Judgment (Doc. 22). As set forth below, defendants' Motion is granted.

## I.  Facts [1]

Plaintiff is currently incarcerated at El Dorado Correctional Facility (EDCF), which is a facility within the Kansas Department of Corrections (KDOC). Plaintiff practices the Islam faith. There are five pillars to Islam. These pillars are faith, prayer, charity, Ramadan (fasting for 29 to 30 days during the month of Ramadan), and pilgrimage to Makkah (for those who are physically and financially able to make the pilgrimage). The dietary requirement for the religion of Islam includes a non-pork diet and Ramadan fasting. Inmates at EDCF who practice the Islam faith are offered either a non-pork diet or a vegetarian diet. The vegetarian diet is offered as an alternative to those who believe that the vegetarian diet more closely complies with their religious beliefs. The Ramadan holiday is observed by the KDOC. A meal is provided for

---

**1.** Plaintiff failed to specifically controvert defendants' facts as required by D. Kan. Rule 56.1. However, plaintiff did include a statement of material facts in his response to the summary judgment motion. Defendant does not controvert any of plaintiff's statements of fact. Since plaintiff appears pro se, the court will liberally construe any facts alleged by plaintiff in the light most favorable to plaintiff as the nonmoving party pursuant to Fed. R.Civ.P. 56.

inmates who claim to follow the Islamic faith that is suitable for Ramadan. Defendants contend that Chaplin George Whitfield has consulted outside religious advisors who have stated that items from EDCF's food service are accepted as suitable for Islamic inmates, and that the KDOC complies with the non-pork requirements.

Plaintiff contends that the Halal meals are not a dietary requirement for the religion of Islam, but are a requirement of the Law of Allah, as it is set forth in the Shari'ah (the Islamic Law). Plaintiff contends that, according to the Shari'ah, EDCF's food service is unacceptable, and the KDOC does not comply with the non-pork requirements of Islam. Plaintiff also contends that vegetarian diets are unlawful (or Harram) because the manufacturer is not required to mention certain ingredients or preservatives if they are less than 2% of the total ingredients. Plaintiff claims that he has provided the KDOC with information about vendors who can provide Halal meat.

Plaintiff claims that he is suffering from Hepatitis C and high blood pressure. Plaintiff contends that before his incarceration, he ate a Halal meat diet and had neither of those ailments. However, plaintiff's medical records do not support plaintiff's assertion that he is suffering from Hepatitis C. Moreover, according to plaintiff's medical records, he was suffering from hypertension when he was taken into KDOC's custody in 1997.

Defendants claim that they did not violate plaintiff's First Amendment right to freedom of expression by denying him Halal meat and that they are entitled to qualified immunity on plaintiff's claims. Defendants also contend that they did not violate plaintiff's Fourteenth Amendment right to equal protection by providing Kosher meals to Jewish inmates, while refusing Halal meat to Islamic inmates.

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *see Adler*, 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest

upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut," rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

The court acknowledges that plaintiff appears pro se and his response is entitled to a somewhat less stringent standard than a response filed by a licensed attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, this does not excuse plaintiff from the burden of coming forward with evidence to support his claims as required by the Federal Rules of Civil Procedure and the local rules of this court. *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir.1988). Even a pro se plaintiff must present some "specific factual support" for his allegations. *Id.*

### III. Discussion

Defendants claim that they are entitled to immunity from plaintiff's claims pursuant to the Eleventh Amendment. Eleventh Amendment immunity bars actions against a state in federal court, even by its own citizens, unless the state waives that immunity. U.S. Const. amend. XI; *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir.2000). Furthermore, when a suit

is brought against state officials in their official capacities, the real party in interest is the state. *Kentucky v. Graham*, 473 U.S. 159, 166–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The State of Kansas has not waived its immunity to suit in this case. Thus, defendants are immune from suit in their official capacities.

In the Martinez Report, filed with the court on January 23, 2003, as an attachment to defendants' answer to plaintiff's complaint, defendants asserted that they were unsure whether plaintiff was bringing his claims against defendants in their individual or official capacities. In plaintiff's August 12, 2003 response to the answer (entitled "Reply"), plaintiff clarified that he is "alleging a violation of his and the community (Jama'a) of EDCF, constitutional rights under the First, Eighth and Fourteenth Amendments [2] in the Defendant's (sic) executing their official capacity." Reply, ¶ 1; *see also* ¶ 6 (alleging that "defendant's (sic) executing their official capacity, are very discriminatory."). Plaintiff makes no allegation, either in his complaint, his supplements to the complaint, or in his summary judgment response, that defendants, acting in their individual capacities, violated his constitutional rights.

It is uncontroverted that defendant Charles Simmons was acting in his official capacity as the Secretary of Corrections for KDOC during all relevant times to this suit. It is also uncontroverted that defendant Michael Nelson was acting in his official capacity as the Warden of EDCF at all relevant times to this suit. Because it is uncontroverted that defendants were, at all time relevant to this suit, acting in their official capacities, and because plaintiff has limited his claims to defendants'

**2.** Plaintiff's original complaint alleged violations only of the First and Fourteenth Amendments. Plaintiff's August 12, 2003 response also alleges a claim under the Eighth Amendment.

actions in their official capacities, defendants are immune from suit and are entitled to summary judgment on plaintiff's claims.

**IT IS THEREFORE ORDERED** that defendants' Motion for Summary Judgment (Doc. 22) is granted.

**IT IS FURTHER ORDERED** that this case be and is hereby dismissed.